UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| FOUA JOSEPH TOFIGA, JR.,<br><br>Plaintiff,<br><br>v.<br><br>JEFF CAMPOS, et al.,<br><br>Defendants. | CAUSE NO. 1:25-CV-171-GSL-AZ |

OPINION AND ORDER

Foua Joseph Tofiga, Jr., a prisoner without counsel, filed a complaint under 42 U.S.C. § 1983. (ECF 1.) Pursuant to 28 U.S.C. § 1915A, the court must screen this pleading and dismiss it if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Tofiga is proceeding without counsel, the court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Public records reflect that Tofiga is currently serving a sentence for rape, intimidation, strangulation, aggravated battery, criminal confinement, domestic battery,

and habitual offender adjudication.[1] *Tofiga v. State*, 282 N.E.3d 142 (Ind. Ct. App. 2026). He sues eight individuals involved in his criminal case, including police detectives, prosecutors, and the presiding judge. He claims they violated his rights in a number of ways during the criminal proceedings, including coercing him into making inculpatory statements, tampering with the victim's testimony in an effort to "engineer evidence," denying him his right to counsel, and falsely charging him with numerous offenses. He claims he is not guilty of any of offense and instead the victim "allow[ed] herself to be coerced because she is impaired from methamphetamine use." He seeks $15 million in damages and "global recognition in [the] news media that I was erroneously charged and convicted of rape."

Tofiga cannot seek to have his conviction overturned in a civil lawsuit. *See Preiser v. Rodriguez*, 411 U.S. 475, 488 (1973) (habeas corpus is the exclusive civil remedy for a state prisoner seeking to challenge the fact or duration of his custody, and such relief cannot be pursued under 42 U.S.C. § 1983). He also cannot pursue a claim for damages in a civil suit based on a theory that his outstanding conviction is false or invalid. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *see also Hoard v. Reddy*, 175 F.3d 531, 532–33 (7th Cir. 1999) (holding that *Heck* "forbids a convicted person to seek damages on any theory

---

[1] According to the Indiana Court of Appeals opinion affirming his conviction, Tofiga and the victim, K.M., were in a relationship. One night K.M. stayed overnight at Tofiga's apartment; she woke to find padlocks on the doors and Tofiga refused to let her leave. K.M. jumped out of a second-story window, breaking her hip, before Tofiga carried her back upstairs. Tofiga then confined K.M. to the apartment for several weeks, during which time he repeatedly sexually assaulted her, burnt her with a torch, hit her with a hammer, stabbed, and bit her. Much of the events was recorded on surveillance cameras Tofiga had placed around the apartment. *Tofiga v. State*, 282 N.E.3d 142 (Table), 2026 WL 1506622, *1-2 (Ind. Ct. App. 2026). The court is permitted to take judicial notice of public records at the pleading stage. *See* FED. R. EVID. 201; *Tobey v. Chibucos*, 890 F.3d 634, 647 (7th Cir. 2018).

that implies that his conviction was invalid without first getting the conviction set aside"). A civil claim that necessarily implies the invalidity of an outstanding criminal conviction "must be dismissed without prejudice, because *Heck* holds that the claim does not accrue until the conviction has been set aside." *Johnson v. Rogers*, 944 F.3d 966, 968 (7th Cir. 2019).

Claims against police pertaining to certain types of wrongdoing are not necessarily barred by *Heck*. *See Mordi v. Zeigler*, 870 F.3d 703, 707 (7th Cir. 2017); *Evans v. Poskon*, 603 F.3d 362 (7th Cir. 2010). Here, however, the court understands Tofiga to be claiming that officers manufactured evidence to prosecute him on false charges, which, if true, would implicate the validity of his outstanding conviction. *See Savory v. Cannon*, 947 F.3d 409, 417 (7th Cir. 2020) (en banc) (claim that officer fabricated evidence is best understood as malicious prosecution claim, which cannot be brought unless criminal proceeding terminates in the defendant's favor or conviction is vacated); *Robinson v. Doe*, 272 F.3d 921, 923 (7th Cir. 2001) (claim challenging evidence obtained incident to arrest or seizure of evidence is barred by *Heck*). This claim cannot proceed.

He also claims that police lacked probable cause to detain him at the time of his arrest, which does not implicate the validity of his conviction. *Evans*, 603 F.3d at 364. However, suits filed under 42 U.S.C. § 1983 borrow the statute of limitations for state personal injury claims, which in Indiana is two years. *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012). The statute of limitations for a claim of false arrest begins to run upon initiation of legal process. *See Wallace v. Kato*, 549 U.S. 384, 387 (2007); *Savory*, 947 F.3d at 427. Here, Tofiga was arrested on April 14, 2022, and arraigned on April 16,

2022, but he did not file this lawsuit until April 10, 2025, more than two years later. (*See* ECF 1 at 8.) Although the statute of limitations is an affirmative defense, dismissal at the pleading stage is appropriate when it is clear from the face of the complaint that the action is untimely. *See Cancer Found., Inc. v. Cerberus Capital Mgmt., LP*, 559 F.3d 671, 674 (7th Cir. 2009). That standard is satisfied here.

Aside from these problems, the prosecutors cannot be sued for damages for their actions taken on behalf of the government in Tofiga's criminal case. *See Imbler v. Pachtman*, 424 U.S. 409, 410 (1976). Likewise, the judge is entitled to immunity and cannot be sued for his adverse rulings. *Stump v. Sparkman*, 435 U.S. 349, 359 (1978).

Therefore, the complaint does not state a claim upon which relief can be granted. "Leave to amend is to be 'freely given when justice so requires.'" *Liu v. T&H Machine*, 191 F.3d 790, 794 (7th Cir. 1999) (citations omitted); *see also Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1024-25 (7th Cir. 2013). However, "that does not mean it must always be given." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). "[C]ourts have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile." *Id.* (citation omitted).

As outlined, the bulk of Tofiga's claims are barred by *Heck.* "The favorable-termination rule [in *Heck*] is more than a procedural hurdle that plaintiffs can skirt with artful complaint drafting . . . . Rather, it is grounded in substantive concerns about allowing conflicting judgments." *Morgan v. Schott*, 914 F.3d 1115, 1122 (7th Cir. 2019). If, in the future, Tofiga's conviction is set aside, overturned, or otherwise drawn into

question, his claims may become cognizable. At present, however, they cannot proceed. *Johnson*, 944 F.3d at 968. He also asserts claims that are time-barred and sues defendants who are immune from suit. The court finds no basis to conclude that if given another opportunity, he is likely to assert a viable constitutional claim, consistent with what he has already alleged under penalty of perjury. Therefore, it would be futile to permit him to amend.

For these reasons, the court DISMISSES this action pursuant to 28 U.S.C. § 1915A for failure to state a claim upon which relief can be granted, and DIRECTS the clerk to close the case.

SO ORDERED on September 24, 2026

/s/Gretchen S. Lund
JUDGE
UNITED STATES DISTRICT COURT